CHANCERY.

Case 100.

June 27.

Allegations
of Talbot's
bill.

## Talbot vs. Cook and Carrington.

Error to the Nicholas Circuit; WILLIAM O. BROWN, Judge.

*Assignees of choses in action.*

Chief Justice BIBB delivered the Opinion of the Court.

CARRINGTON being indebted to Talbot and Baylor, merchants and partners, (of whom Talbot is the survivor,) left with their clerk, Walton, a note on Redman for collection, to be applied towards the payment of Carrington's debt. Walton gave a receipt for the note, but did not specify the use to which the money was to be applied, if collected. Cook, in the name of Carrington, obtained a judgment against Talbot for the money collected of Redman. Talbot exhibited his bill for relief against Carrington and Cook, setting forth the circumstances, that the note was left for collection with their clerk, Walton; that Walton receipted for the note in the name of Talbot only, and not in the name of the firm; that the partnership had been dissolved, and that by the terms of dissolution, Talbot became the owner of all the credits of the firm. The bill alleged, that Cook never had any assignment of the receipt, nor even the receipt itself; but if he ever had it, he obtained the receipt by fraud and collusion, and was indebted to Carrington, and that Cook prosecuted the suit in the name of Carrington, who was out of the country; that if Cook had any interest in the note of Redman to Carrington, he acquired it long after the note was left with the clerk of said Talbot and Baylor. The bill was taken for confessed, as to Carrington.

Cook's answer.

Cook alleges he had the receipt and an order from Carrington on Talbot for the money, when collected of Redman, both of which are lost.

Decree of the circuit court.

On final hearing, the bill of Talbot was dismissed, his injunction was dissolved, and he was decreed to pay ten per cent damages to Cook.

Evidence.

The case as between Carrington and Talbot, is clear; as well by the written exhibit, A, signed by Carrington, as by the deposition of Monson. It appears that the note on Redman was left with Tal-

bot for the purpose of satisfying Carrington's debt to him, when collected.

As to Cook, he is, according to his own statement, only the equitable holder of the receipt, with an order on Talbot for the money; his equity is long posterior to Talbot's equity; for Talbot's equity commenced when the note was left with his clerk for collection, to be applied to Carrington's debt to Talbot. Cook's commenced after Carrington had left the country, and by an order on Talbot, with whom the note of Redman had been left. Talbot never accepted that order. The proof which the parties have run into for the purpose of shewing how Cook obtained the order and receipt from Carrington, whether fairly or unfairly, or whether Cook was indebted to Carrington or not, is all useless. Talbot's equity is prior in time, and Cook, in prosecuting the suit in the name of Carrington was acting without authority.

It is ordered and decreed, that the decree of the circuit court, upon the bill of the complainant, Talbot, be reversed; and that the cause be remanded, with direction to enter a decree, perpetually enjoining proceedings on the judgment at law, and also decreeing that Cook pay the costs at law and in chancery.

*Depew* and *Shepherd* for plaintiff; *Triplett* for defendants.